IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ARIEL MELÉNDEZ,

**Plaintiff,**

v.

CLAYCO, INC.,

**Defendant.**

**CIVIL NO.** 25-1398 (JAG)

OPINION AND ORDER

GARCIA-GREGORY, D.J.

Ariel Meléndez ("Plaintiff") filed a Complaint against Clayco, Inc. ("Defendant") under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, and the Federal Arbitration Act, 9 U.S.C. §§ 1 *et seq.*, seeking a finding that the Arbitration Agreement between the Parties is invalid or otherwise unenforceable. Docket No. 1. Pending before the Court is Defendant's Motion to Dismiss for lack of personal jurisdiction and, in the alternative, improper venue. Docket No. 10. For the following reasons, the Motion to Dismiss is hereby **GRANTED**.

## STANDARD OF REVIEW

Under Rule 12(b)(2), a defendant may move to dismiss an action for lack of personal jurisdiction. *See* FED. R. CIV. P. 12(b)(2). Once a defendant challenges personal jurisdiction, "the plaintiff has the ultimate burden of showing by a preponderance of the evidence that jurisdiction exists." *Adams v. Adams*, 601 F.3d 1, 4 (1st Cir. 2010) (citation omitted). When adjudicating a 12(b)(2) motion, courts apply a *prima facie* standard:

> To satisfy the prima facie standard in a specific jurisdiction case, a plaintiff may not rest on mere allegations but, rather, must submit competent evidence showing

> sufficient dispute-related contacts between the defendant and the forum. The court, in turn, must view this evidence, together with any evidence proffered by the defendant, in the light most favorable to the plaintiff and draw all reasonable inferences therefrom in the plaintiff's favor. A court need not, however, credit bald allegations or unsupported conclusions.

*Carreras v. PMG Collins, LLC*, 660 F.3d 549, 552 (1st Cir. 2011) (citations omitted); *see Boit v. Gar-Tec Prod., Inc.*, 967 F.2d 671, 675 (1st Cir. 1992) (noting that, under the *prima facie* standard, courts shall "consider only whether the plaintiff has proffered evidence that, if credited, is enough to support findings of all facts essential to personal jurisdiction.").

Generally, the Court cannot "consider any documents that are outside of the complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment." *O'Rourke v. Hampshire Council of Gov'ts*, 121 F. Supp. 3d. 264, 276 (1st Cir. 2015) (cleaned up). Yet, "[t]here is . . . a narrow exception for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiffs' claim; or for documents sufficiently referred to in the complaint." *Id.* (cleaned up). Accordingly, the Court shall consider (1) Defendant's Employment Offer Letter, Docket No. 14-2; (2) Plaintiff's Resume, Docket No. 14-4; and (3) the Arbitration Agreement, Docket No. 42-8, because the authenticity of these extrinsic documents is not disputed, the documents are integral to the arguments asserted by the Parties, and these documents are specifically referenced in Plaintiff's Complaint.

## ANALYSIS

Defendant argues that Plaintiff has failed to set forth all three requirements needed to establish specific personal jurisdiction.[1] Docket No. 10 at 7-11. The Court agrees.

---

[1] Personal jurisdiction comes in two varieties: general and specific. *Donatelli v. Nat'l Hockey League*, 893 F.2d 459, 462-63 (1st Cir. 1990). General jurisdiction "exists when the litigation is not directly founded in the defendant's forum-based contacts, but the defendant has nevertheless engaged in continuous and

"A federal court may assert specific jurisdiction over a defendant only if doing so comports with both the forum's long-arm statute and the Due Process Clause of the United States Constitution." *Carreras*, 660 F.3d at 552 (citation omitted).[2] A plaintiff must satisfy three prongs to establish specific personal jurisdiction: "(1) relatedness, (2) purposeful availment, and (3) reasonableness." *Stokinger v. Armslist, LLC*, 166 F.4th 229, 233 (1st Cir. 2026) (citation omitted). Failure to meet one of these prongs warrants dismissal. *Negrón-Torres v. Verizon Commc'ns, Inc.*, 478 F.3d 19, 24 (1st Cir. 2007).

Here, Plaintiff has failed to establish purposeful availment. "This prong is only satisfied when the defendant purposefully and voluntarily directs [its] activities toward the forum so that [it] should expect, by virtue of the benefit [it] receives, to be subject to the court's jurisdiction based on these contacts." *Adams*, 601 F.3d at 6 (cleaned up). Therefore, a plaintiff must establish both voluntariness and foreseeability to "ensure[] that [personal] jurisdiction is not based merely on 'random, isolated or fortuitous contacts' with the forum state." *Adelson v. Hananel*, 10 F.3d 43, 50 (1st Cir. 2007) (quoting *Sawtelle v.* Farrell, 70 F.3d 1391, 1392 (1st Cir. 1995)). Voluntariness requires a showing that the defendant's contacts with the forum state were (i) "deliberate," (ii) "not based on the unilateral actions of another party," and (iii) "proximately result from actions by the defendant himself." *Phillips v. Prairie Eye Ctr.*, 530 F.3d 22, 28 (1st Cir. 2008) (cleaned up).

systematic activity, unrelated to the suit, in the forum state." *United Electrical Workers v. 163 Pleasant St. Corp.*, 960 F.2d 1080, 1088 (1st Cir. 1992) (citation omitted). Plaintiff, here, does not argue—and there is no basis to find—that the Court has general jurisdiction over Defendant. Therefore, the Court focuses its attention on specific personal jurisdiction.

[2] "[T]he reach of Puerto Rico's long-arm statute stretches up to the point allowed by the Constitution." *Negrón-Torres.*, 478 F.3d at 24 (cleaned up). Therefore, the Court will focus on the constitutional analysis.

"Foreseeability requires that the contacts also must be of a nature that the defendant could reasonably anticipate being haled into court there." *Id.* (cleaned up).

In the instant case, Plaintiff argues that Defendant's virtual communications (i.e., emails, telephone calls, and interviews via video conference) created a substantial connection with Puerto Rico. Docket No.42 at 3. The Court is not persuaded. The Supreme Court has determined that jurisdiction "may not be avoided merely because the defendant did not *physically* enter the forum State." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985). And while transmitting the executed contract into the forum is itself a relevant contact, a contract alone cannot establish jurisdiction. *See id.* at 478-79 ("If the question is whether an individual's contract with an out-of-state party *alone* can automatically establish sufficient minimum contacts in the other party's home forum, we believe the answer clearly is that it cannot."). As such, courts must weigh the following factors: prior negotiations, contemplated future consequences, terms of the contract, and course of dealing. *Id.* The First Circuit considers three additional factors to determine if remote communications establish personal jurisdiction: "the defendant's in-forum solicitation of the plaintiff's services, the defendant's anticipation of the plaintiff's in-forum services, and the plaintiff's actual performance of the extensive in-forum services." *PREP Tours, Inc., v. Am. Youth Soccer Org.*, 913 F.3d 11, 20 (1st Cir. 2019) (cleaned up).

Taking all inferences in the light most favorable to Plaintiff, the Court finds that Defendant deliberately reached into the forum by virtually interviewing Plaintiff because Plaintiff's resume included his Puerto Rico address, and, thus, it can be reasonably inferred that Defendant had

notice that it was reaching into this forum.[3] Docket Nos. 10 at 3; 14-4; *see C.W. Downer & Co. v. Bioriginal Food & Sci. Corp.*, 771 F.3d 59, 68 (1st Cir. 2014) ("It is not true that interstate remote communications are, by their nature, per se insufficient to constitute contacts that sustain personal jurisdiction."). Similarly, Defendant conducted an in-forum solicitation of Plaintiff's services by sending him an electronic employment offer letter, which contained Plaintiff's Puerto Rico address. Docket No. 14-2. Therefore, Defendant satisfies the voluntariness requirement for purposeful availment.

The Court is not convinced, however, that Defendant "could reasonably anticipate being haled into court" in the District of Puerto Rico. *Phillips*, 530 F.3d at 28. To start, Defendant offered Plaintiff employment in North Carolina[4], not Puerto Rico. *See* Docket Nos. 1 at 3; 10 at 3; 14-2. Plaintiff did not carry out his employment services while residing in Puerto Rico and, therefore, Plaintiff's termination presumably occurred outside Puerto Rico. *See* Docket No. 1 at 3 (alleging that after signing the employment offer with Defendant, Plaintiff "temporarily relocated to North Carolina, where Clayco had an office and he lived and worked."). As such, Defendant's contractual relationship with Plaintiff did not anticipate or "envision[] continuing and wide-reaching contacts in the forum State" because of Plaintiff's employment or services. *Walden v. Fiore*, 571 U.S. 277, 285 (2014) (cleaned up); *PREP Tours, Inc.*, 913 F.3d at 20. Additionally, because Plaintiff

---

[3] Taking all inferences in the light most favorable to Plaintiff, the Court infers that Plaintiff resided in Puerto Rico during the hiring process because his resume and Defendant's offer letter addressed to Plaintiff contained his Puerto Rico address. Docket No. 14-2.

[4] While Plaintiff's employment offer stated that his employment would be based in Missouri, Docket No. 14-2, Plaintiff claims that he lived and worked in North Carolina, and would occasionally work in Indiana. Docket No. 1 at 3. The Court, thus, will take Plaintiff's allegations as true, and presume that he performed his service in North Carolina.

knowingly signed the Arbitration Agreement, Defendant could not reasonably foresee that Plaintiff would bring suit in this District.[5] *See* Docket No. 42-8 at 7.[6] Therefore, the foreseeability requirement is not satisfied.

Given that the foreseeability requirement is not satisfied, the Court finds that Defendant did not purposefully avail itself of this forum. Because this is fatal to Plaintiff's case, the Court need not address the remaining prongs. However, the Court also finds that Plaintiff has not established relatedness nor reasonableness.

Plaintiff cannot establish relatedness because his cause of action does not "directly arise out of, or relate to, [D]efendant's forum state activities." *C.W. Downer & Co.*, 771 F.3d at 65 (cleaned up); *see also Know v. MetalForming, Inc.*, 914 F.3d 685, 691 (1st Cir. 2019) (explaining that a plaintiff's cause of action must have a "demonstrable nexus to the defendant's forum contacts.") (citation omitted). Rather, while Plaintiff's Complaint challenges the validity of the arbitration agreement in his employment contract, the claim only arises because Plaintiff was terminated, which occurred outside of Puerto Rico. *See* Docket Nos. 1 at 4; 10 at 1.

[5] The Court notes that Defendant authorized Plaintiff to travel to Puerto Rico twice a month. Docket Nos. 1 at 3; 42 at 3; 45-2 at 2-3. However, "minimum contact analysis looks to the defendant's contact with the forum State itself, not the defendant's contacts with persons who reside there." *Walden*, 571 U.S. at 285 (cleaned up). "[I]t is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him." *Id.* Therefore, this travel authorization by itself does not support a finding that Defendant had continuous and extensive contacts into Puerto Rico.

[6] Plaintiff claims that the Arbitration Agreement was "buried" among other documents. Docket No. 1 at 3. However, the record shows that the Arbitration Agreement is a separate 2-page document within the New Hire Package and contains Plaintiff's wet signature dated May 27, 2024. Docket 42-8 at 7-9,

For similar reasons, the Court is not persuaded that Plaintiff has satisfied the reasonableness prong.[7] *Ticketmaster-N.Y., Inc., v. Alioto*, 26 F.3d 201, 209 (1st Cir. 1994) (explaining the five factors considered to determine the reasonableness requirement). The reasonableness requirement "evokes a sliding scale; the weaker the plaintiff's showing of the first two prongs (relatedness and purposeful availment), the less a defendant need to show in terms of unreasonableness to defeat jurisdiction." *Id.* Here, a substantial part of the events did not occur in this district since Plaintiff was hired to work in and was presumably terminated outside of Puerto Rico. Additionally, Defendant has no office or personnel in Puerto Rico. Docket No. 10 at 2-3, 10. And notably, the "minimum requirements inherent in the concept of fair play and substantial justice may defeat the reasonableness of jurisdiction even if the defendant has purposefully engaged in forum activities." *Burker King*, 471 U.S. at 477-78 (cleaned up). Therefore, it is unreasonable for Defendant to have to defend itself in a jurisdiction where (1) it is not incorporated or have its principal place of business in, and (2) where a substantial part of the events did not occur.

---

[7] To determine reasonableness within the context of minimum contacts, courts must consider the *Gestalt* factors:

> (1) the defendant's burden of appearing, (2) the forum state's interest in adjudicating the dispute, (3) the plaintiff's interest in obtaining convenient and effective relief, (4) the judicial system's interest in obtaining the most effective resolution of the controversy, and (5) the common interests of all sovereigns in promoting substantive social policies.

*Ticketmaster-N.Y., Inc., v. Alioto*, 26 F.3d 201, 209 (1st Cir. 1994)

Thus, because this Court does not have personal jurisdiction over Defendant, Plaintiff's case is hereby **DISMISSED WITHOUT PREJUDICE**.[8] Judgment shall be entered accordingly.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this Thursday, September 24, 2026.

s/ Jay A. Garcia-Gregory
JAY A. GARCIA-GREGORY
United States District Judge

[8] The Court has serious doubts as to whether the District of Puerto Rico is the proper venue under 28 U.S.C. § 1391(b)(2) because a substantial part of the events that gave rise to Plaintiff's claims did not occur in Puerto Rico. *See Astro-Med, Inc. v. Nihon Kohden Am., Inc.*, 591 F.3d 1, 12 (1st Cir. 2009) ("In determining whether Rhode Island is a district in which a substantial part of the events occurred, we look not to a single 'triggering event' prompting the action, but to *the entire sequence of events underlying the claim*.") (cleaned up) (emphasis added). Here, Plaintiff signed an employment contract to work for Defendant in North Carolina, relocated to and performed his contract in North Carolina, and was presumably terminated in North Carolina. Docket No. 1 at 2-4. Thus, most—if not all—of the events underlying the issues asserted in the Complaint occurred outside of Puerto Rico.